UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

KATHERINE FELICIANO

                    Plaintiff,

    vs.

STUDLEY, INC., ROBERT GRAUBARD, and
LORRAINE VEGA, in their individual and
official capacities

                  Defendants.

------------------------------------------------------------ X

Case No.: 08-cv-4421

**ANSWER**

Defendants STUDLEY, INC. ("Studley"), ROBERT GRAUBARD ("Graubard"), and LORRAINE VEGA ("Vega") (collectively "Defendants"), by and through their attorneys Gordon & Rees, LLP as for an Answer to the Complaint filed by Katherine Feliciano ("Plaintiff"), respectfully allege as follows:

## ANSWERING NATURE OF THE CLAIMS

1.      Deny the allegations in paragraph "1" of the Complaint except admit that Plaintiff is purporting to describe the nature of the Complaint.

2.      Deny the allegations in paragraph "2" of the Complaint.

3.      Deny the allegations in paragraph "3" of the Complaint.

## ANSWERING JURISDICTION AND VENUE

4.      Deny the allegations in paragraph "4" of the Complaint and respectfully refer all issues of law to the Court.

5.      Deny the allegations in paragraph "5" of the Complaint and respectfully refer all issues of law to the Court.

6.      Admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 25, 2006 and that the EEOC issued a Right to Sue letter on or about February 13, 2006, but deny the remaining allegation in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court.

7.      Deny the allegations in paragraph "7" and respectfully refer all question of law to this Court.

## ANSWERING PARTIES

8.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the Complaint.

9.      Deny the allegations in paragraph "9" of the Complaint, except admit that Studley is a corporation with its headquarters located in New York, New York.

10.      Deny the allegations in paragraph "10" of the Complaint, except admit that Vega is the Director of Operations for the New York branch of Studley and that Ms. Vega was Plaintiff's direct supervisor between 2003 and 2005.

11.      Deny the allegations in paragraph "11" of the Complaint, except admit that Graubard is the Executive Vice President and former Branch Manager of Studley's New York office and was previously the New York office's General Counsel.

## ANSWERING FACTUAL ALLEGATIONS

12.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "12" of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "13" of the Complaint.

14.    Deny  knowledge or information sufficient to form a belief as to the allegations in paragraph "14" of the Complaint.

15.    Deny the allegations in paragraph "15" of the Complaint.

16.    Deny the allegations in paragraph "16" of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "17" of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "18" of the Complaint except admit that Plaintiff participated in a mentoring program in 1996 through the Children's Aid Society.

19.    Deny the allegations in paragraph "19" of the Complaint except admit that Plaintiff began working at Studley in January 2002 and was compensated $15.00 per hour worked.

20.    Deny the allegations in paragraph "20" of the Complaint.

21.    Deny the allegations in paragraph "21" of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "22" of the Complaint.

23.    Deny the allegations in paragraph "23" of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "24" of the Complaint.

25.    Deny the allegations in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "26" of the Complaint.

27.     Deny the allegations in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "28" of the Complaint.

29.     Deny the allegations in paragraph "29" of the Complaint.

30.     Deny the allegations in paragraph "30" of the Complaint.

31.     Deny the allegations in paragraph "31" of the Complaint.

32.     Deny the allegations in paragraph "32" of the Complaint.

33.     Deny the allegations in paragraph "33" of the Complaint, except admit that Plaintiff was terminated from Studley.

34.     Deny the allegations in paragraph "34" of the Complaint.

35.     Deny the allegations in paragraph "35" of the Complaint, except admit Plaintiff filed a Charge with the EEOC and admit that Vega and Mr. Graubard were interviewed on May 8, 2007 by the EEOC investigator.

36.     Deny the allegations in paragraph "36" of the Complaint.

37.     Deny the allegations in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "38" of the Complaint.

39.     Deny the allegations in paragraph "39" of the Complaint.

40.     Deny the allegations in paragraph "40" of the Complaint.

41.     Deny the allegations in paragraph "41" of the Complaint.

42.     Deny the allegations in paragraph "42" of the Complaint.

43.    Deny the allegations in paragraph "43" of the Complaint.

44.    Deny the allegations in paragraph "44" of the Complaint.

45.    Deny the allegations in paragraph "45" of the Complaint.

## ANSWERING AS AND FOR A FIRST CAUSE OF ACTION

46.    In response to paragraph "46" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" through "45" as if fully set forth herein.

47.    Deny the allegations in paragraph "47" of the Complaint.

48.    Deny the allegations in paragraph "48" of the Complaint.

49.    Deny the allegations in paragraph "49" of the Complaint.

50.    Deny the allegations in paragraph "50" of the Complaint.

51.    Deny the allegations in paragraph "51" of the Complaint.

## ANSWERING AS AND FOR A SECOND CAUSE OF ACTION

52.    In response to paragraph "52" of the Complaint, Defendants repeats and reallege each and every response made in paragraphs "1" through "51" as if fully set forth herein.

53.    Deny the allegations in paragraph "53" of the Complaint.

54.    Deny the allegations in paragraph "54" of the Complaint.

55.    Deny the allegations in paragraph "55" of the Complaint.

## ANSWERING AS AND FOR A THIRD CAUSE OF ACTION

56.    In response to paragraph "56" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "55" as if fully set forth herein.

57.    Deny the allegations in paragraph "57" of the Complaint.

58.    Deny the allegations in paragraph "58" of the Complaint.

59.   Deny the allegations in paragraph "59" of the Complaint.

## ANSWERING AS AND FOR A FOURTH CAUSE OF ACTION

60.   In response to paragraph "60" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "59" as if fully set forth herein.

61.   Deny the allegations in paragraph "61" of the Complaint.

62.   Deny the allegations in paragraph "62" of the Complaint.

63.   Deny the allegations in paragraph "63" of the Complaint.

## ANSWERING AS AND FOR A FIFTH CAUSE OF ACTION

64.   In response to paragraph "64" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "63" as if fully set forth herein.

65.   Deny the allegations in paragraph "65" of the Complaint.

66.   Deny the allegations in paragraph "66" of the Complaint.

## ANSWERING AS AND FOR A SIXTH CAUSE OF ACTION

67.   In response to paragraph "67" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "66" as if fully set forth herein.

68.   Deny the allegations in paragraph "68" of the Complaint.

69.   Deny the allegations in paragraph "69" of the Complaint.

70.   Deny the allegations in paragraph "70" of the Complaint.

71.   Deny the allegations in paragraph "71" of the Complaint.

## ANSWERING AS AND FOR A SEVENTH CAUSE OF ACTION

72.   In response to paragraph "72" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "71" as if fully set forth herein.

73.   Deny the allegations in paragraph "73" of the Complaint.

74.    Deny the allegations in paragraph "74" of the Complaint.

### ANSWERING AS AND FOR AN EIGHTH CAUSE OF ACTION

75.    In response to paragraph "75" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "74" as if fully set forth herein.

76.    Deny the allegations in paragraph "76" of the Complaint.

77.    Deny the allegations in paragraph "77" of the Complaint.

78.    Deny the allegations in paragraph "78" of the Complaint.

### ANSWERING AS AND FOR A NINTH CAUSE OF ACTION

79.    In response to paragraph "79" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "78" as if fully set forth herein.

80.    Deny the allegations in paragraph "80" of the Complaint.

81.    Deny the allegations in paragraph "81" of the Complaint.

82.    Deny the allegations in paragraph "82" of the Complaint.

### ANSWERING AS AND FOR A TENTH CAUSE OF ACTION

83.    In response to paragraph "83" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "82" as if fully set forth herein.

84.    Deny the allegations in paragraph "84" of the Complaint.

85.    Deny the allegations in paragraph "85" of the Complaint.

86.    Deny the allegations in paragraph "86" of the Complaint.

### ANSWERING AS AND FOR AN ELEVENTH CAUSE OF ACTION

87.    In response to paragraph "87" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "86" as if fully set forth herein.

88.    Deny the allegations in paragraph "88" of the Complaint.

89.    Deny the allegations in paragraph "89" of the Complaint.

## ANSWERING AS AND FOR A TWELFTH CAUSE OF ACTION

90.    In response to paragraph "90" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "89" as if fully set forth herein.

91.    Deny the allegations in paragraph "91" of the Complaint.

92.    Deny the allegations in paragraph "92" of the Complaint.

93.    Deny the allegations in paragraph "93" of the Complaint.

94.    Deny the allegations in paragraph "94" of the Complaint.

## ANSWERING AS AND FOR A THIRTEENTH CAUSE OF ACTION

95.    In response to paragraph "95" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "94" as if fully set forth herein.

96.    Deny the allegations in paragraph "96" of the Complaint.

97.    Deny the allegations in paragraph "97" of the Complaint.

## ANSWERING AS AND FOR A FOURTEENTH CAUSE OF ACTION

98.    In response to paragraph "98" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "97" as if fully set forth herein.

99.    Deny the allegations in paragraph "99" of the Complaint.

100.    Deny the allegations in paragraph "100" of the Complaint.

101.    Deny the allegations in paragraph "101" of the Complaint.

## ANSWERING AS AND FOR A FIFTEENTH CAUSE OF ACTION

102.    In response to paragraph "102" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "101" as if fully set forth herein.

103.    Deny the allegations in paragraph "103" of the Complaint.

104.   Deny the allegations in paragraph "104" of the Complaint.

105.   Deny the allegations in paragraph "105" of the Complaint.

### ANSWERING AS AND FOR A SIXTEENTH CAUSE OF ACTION

106.   In response to paragraph "106" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "105" as if fully set forth herein.

107.   Deny the allegations in paragraph "107" of the Complaint.

108.   Deny the allegations in paragraph "108" of the Complaint.

109.   Deny the allegations in paragraph "109" of the Complaint.

### ANSWERING AS AND FOR A SEVENTEENTH CAUSE OF ACTION

110.   In response to paragraph "110" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "109" as if fully set forth herein.

111.   Deny the allegations in paragraph "111" of the Complaint.

112.   Deny the allegations in paragraph "112" of the Complaint.

113.   Deny the allegations in paragraph "113" of the Complaint.

114.   Deny the allegations in paragraph "114" of the Complaint.

115.   Deny the allegations in paragraph "115" of the Complaint.

### ANSWERING AS AND FOR AN EIGHTEENTH CAUSE OF ACTION

116.   In response to paragraph "116" of the Complaint, Defendants repeat and reallege each and every response made in paragraph "1" through "115" as if fully set forth herein.

117.   Deny the allegations in paragraph "117" of the Complaint.

118.   Deny the allegations in paragraph "118" of the Complaint.

119.   Deny the allegations in paragraph "119" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction with respect to some or all of Plaintiff's alleged claims since Plaintiff has failed to fully perform the requisite statutory conditions precedent to a private cause of action.

## THIRD AFFIRMATIVE DEFENSE

Any and all tangible employment actions affecting Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have conducted their practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff.  Defendants have not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged claims are barred by her failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to avail herself of the preventative or remedial measures or the procedures for reporting discrimination and harassment under the Company's employment policy.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by virtue of the equitable defense of the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred or limited from recovering damages based on his failure to mitigate said damages.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries are due, in whole or in part, to her own actions.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged claims are barred by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants acted promptly and appropriately under the circumstances to remediate the situation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Workers' Compensation Laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred or limited from recovering damages based upon the doctrine of after-acquired evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff breached her employment agreement with Defendants by failing to timely and properly accomplish one or more of her job duties.

Dated:      New York, New York
            June 9, 2008

                                        Respectfully Submitted,

                                        GORDON & REES, LLP

                                        By:

                                        _____
                                        Mercedes Colwin (MC 3862)
                                        Attorneys for Defendants
                                        Studley, Inc., Robert Graubard, and
                                        Lorraine Vega
                                        90 Broad Street
                                        23rd Floor
                                        New York, NY 10004
                                        (212) 269-5500